**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

MAURICE JEWELL, JR,
on behalf of himself others similarly situated,

                    Plaintiff,                  Case No.: 19-cv-247

HSN, INC.,                                            Class Action Complaint

                    Defendant,              Jury Trial Demanded

**Nature of the Action**

1.    Maurice Jewell, Jr. ("Plaintiff") brings this class action against HSN, Inc. ("Defendant"), and alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101 *et seq.*

2.    Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

                          *       *       *

 (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3.    Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to numbers assigned to a cellular telephone service, without

prior express consent, in that it continues to place calls to cellular telephone numbers after being instructed to stop calling those numbers.

4.      Sections 427.104(1)(g), (h) and (j) of the WCA provides, in pertinent part:

(1)   In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not:

(g) Communicate with the customer or a person related to the customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer;

(h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer; or

(j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist

5.      Upon information and good faith belief, Defendant routinely violates sections 427.104(1)(g), (h) and (j) of the WCA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to telephone numbers after being instructed to stop calling those numbers.

**Jurisdiction and Venue**

6.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under

7.      This Court has supplemental jurisdiction over Plaintiff's WCA claim pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b), as a portion of the acts and transactions giving rise to Plaintiff's action transpired in this district, and as Defendant transacts business in this district.

**Parties**

9.      Plaintiff is a natural person.

10.      At all relevant times Plaintiff resided in Hayward, Wisconsin.

11.      Defendant is a corporation headquartered in Pinellas County, Florida.

12.      Defendant operates an interactive multi-channel retailer in the United States.

13.      Defendant is an entity that engaged, directly or indirectly, in the conduct or practice of soliciting an obligation, or alleged obligation, arising from a consumer transaction, for collection, or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer.

14.      Defendant is a "debt collector" as defined by section 427.103(3) of the WCA.

**Factual Allegations**

15.      Prior to mid-2017, Plaintiff initiated one or more transactions pursuant to an open-end credit plan with Defendant.

16.      In response to calls Plaintiff was receiving from Defendant on his cellular telephone, on April 12, 2017 Plaintiff sent Defendant a letter directing it to stop calling him, and to cease communications with him.

17.      Defendant received the letter on or about April 18, 2017.

18.      No matter, beginning on May 15, 2017, and continuing at least through July 26, 2017, Defendant repeatedly placed calls to Plaintiff's cellular telephone number.

19.      During at least two of those calls, Defendant delivered a pre-recorded message.

20.      Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone numbers by using an automatic telephone dialing system.

3

21.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of a prerecorded or artificial voice, Defendant placed its calls to Plaintiff's cellular telephone numbers by using an automatic telephone dialing system as defined by the TCPA.

22.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of a prerecorded or artificial voice, Defendant placed its calls to Plaintiff's cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

23.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of a prerecorded or artificial voice, Defendant placed its calls to Plaintiff's cellular telephone numbers by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459

(September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559 (Jan. 4, 2008).

24.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

25.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

26.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

27.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system, and an artificial or prerecorded voice, to place its calls to Plaintiff's cellular telephone number.

28.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

29.     Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, a private nuisance, and harassment.

30.     Defendant's calls also harmed Plaintiff by depleting the battery life on his cellular phone, which cost Plaintiff time and expense to recharge, and by using minutes allocated to Plaintiff.

31.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing to place calls to telephone numbers assigned to a

cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

32.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, delivers artificial or prerecorded voice messages to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

## Class Action Allegations

33.     Plaintiff bring this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA Class:* All persons and entities throughout the United States (1) to whom HSN, Inc., placed, or caused to be placed, one or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification, (5) after the called party instructed HSN, Inc. to cease calling his or her cellular telephone number.

*WCA Class*: All persons throughout the United States (1) who initiated a transaction pursuant to an open-end credit plan with HSN, Inc. (2) to whom HSN, Inc. placed, or caused to be placed, one or more calls, (3) within the two years preceding the date of this complaint through the date of class certification, (4) and in connection with the collection of an obligation or alleged obligation arising from a consumer transaction, (5) after the called party instructed HSN, Inc. to stop placing calls to his or her telephone number.

34.     The proposed classes specifically exclude the United States of America, the State of Wisconsin, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

35.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

36.     Upon information and good faith belief, the members of the classes are so numerous that joinder of all of them is impracticable.

37.     The exact number of the members of the classes are unknown to Plaintiff at this time and can be identified only through appropriate discovery.

38.     The classes are ascertainable in that they are defined by reference to objective criteria.

39.     Upon information and belief, the names and addresses of the members of the classes can be identified through business records maintained by Defendant and by third parties.

40.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

41.     Plaintiff's claims are typical of the claims of the members of the classes.

42.     As it did for all members of the TCPA class, Defendant used an automatic telephone dialing system or artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227, by placing calls to him after Plaintiff instructed Defendant to stop calling him.

43.     As it did for all members of the WCA class, Defendant continued to place calls to Plaintiff's cellular telephone number despite Plaintiff's instruction for Defendant to stop calling him.

44.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

45.     Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

46.     Plaintiff suffered the same injuries as each of the members of the classes.

47.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

48.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

49.     Plaintiff will vigorously pursue the claims of the members of the classes.

50.     Plaintiff has retained counsel experienced and competent in class action litigation.

51.     Plaintiff's counsel will vigorously pursue this matter.

52.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

53.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

54.     Issues of law and fact common to all class members are:

    a.   Defendant's violations of the TCPA;

    b.   Defendant's violations of the WCA;

    c.   Defendant's conduct, pattern, and practice of continuing to place calls to cellular telephone numbers after being instructed to stop doing so;

    d.   Defendant's use of an automatic telephone dialing system or artificial or prerecorded voice as defined by the TCPA;

    e.   Defendant's status as a debt collector as defined by the WCA;

    f.   Defendant's failure to honor cease-and-desist requests from its customers;

g.  The availability of statutory penalties; and

h.  The availability of attorneys' fees and costs.

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.     If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

57.     The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes and could substantially impair or impede their ability to protect their interests.

58.     The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

60.     The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

61.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

62.     There will be little difficulty in the management of this action as a class action.

63.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of the TCPA class**

64.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-63.

65.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or artificial or pre-recorded voice to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

66.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of Sections 427.104(1)(g), (h) and (j) of the WCA**
**On behalf of the WCA class**

67.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-63.

68.     By calling Plaintiff using an automatic telephone dialing system, and by delivering artificial or prerecorded voice messages to Plaintiff, for several months after it was aware that Plaintiff no longer wished to be called, Defendant violated sections 427.104(1)(g),(h) and (j) of the WCA. *Accord Chiverton v. Federal Financial Group, Inc.*, 399 F.Supp.2d 96, 101 (D. Conn. 2005) (finding that repeated calls immediately after the consumer had asked debt collector to stop calling amounted to harassment under the Fair Debt Collection Practices Act).

69.     As a result of Defendant's violations of sections 427.104(1)(g), (h) (and (j) of the WCA, Plaintiff and the members of the WCA class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Determining that this action is a proper class action;

b)      Designating Plaintiff as class representative under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)      Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and sections 427.104(1)(g), (h) (j) of the WCA;

e)      Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA class.

f)      Awarding Plaintiff and the TCPA class damages under 47 U.S.C. § 227(b)(3)(B) and Plaintiff and the WCA class damages under section 427.105 of the WCA;

g)      Awarding Plaintiff and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

h)      Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)      Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under section 425.308 of the WCA;

j)      Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k)      Awarding such other and further relief as the Court may deem just and proper.

**Trial by Jury**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: April 1, 2019                    Respectfully submitted,


                                        */s/ James L. Davidson*
                                        **JAMES L. DAVIDSON**
                                        Greenwald Davidson Radbil PLLC
                                        5550 Glades Road, Suite 500
                                        Boca Raton, FL 33431
                                        Telephone: 561.826.5477
                                        Fax: 561.961.5684
                                        jdavidson@gdrlawfirm.com


                                        */s/ Matthew C. Lein*
                                        **MATTHEW C. LEIN**
                                        Lein Law Offices
                                        15692 Highway 63 North
                                        Hayward, WI 54843
                                        Telephone: 715.634.4273
                                        Fax: 715.634.5051
                                        mlein@leinlawoffices.com

                                        Counsel for Plaintiff and the proposed classes

12