UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

MAURICE JEWELL, JR.,
on behalf of himself others similarly situated,

                Plaintiff,                    Case No.: 3:19-cv-00247-jdp

HSN, INC.,

                Defendant,

_____

**DECLARATION OF JAMES L. DAVIDSON IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

I, James L. Davidson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is James L. Davidson.

2. I am over twenty-one years of age and am fully competent to make the statements contained in this declaration.

3. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

4. I am admitted to practice before this Court.

5. I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR"), counsel for Maurice Jewell, Jr. ("Plaintiff") in the above-entitled action and proposed co-class counsel.

6. I graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

7. I have extensive experience litigating consumer protection class actions.

8.      GDR has been appointed class counsel in a host of class actions throughout the country, including many brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See, e.g.*, *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN, ECF No. 60 (E.D. Va. Oct. 29, 2019); *Sullivan v. Marinosci Law Group, P.C., P.A.*, No. 9:18-cv-81368, 2019 WL 3940256 (S.D. Fla. Aug. 19, 2019); *Hoffman v. Law Office of Fradkin & Weber, P.A.*, No. 1:19-cv-163-CCB, ECF No. 17 (D. Md. July 1, 2019); *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. Feb. 6, 2019); *Dickens v. GC Servs. Ltd. P'ship*, 336 F. Supp. 3d 1369 (M.D. Fla. 2018); *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382 (W.D. Wis. Dec. 29, 2017) (Crabb, J.); *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP, 2017 WL 6026494 (M.D. Fla. Dec. 4, 2017); *Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778 (S.D. Fla. Dec. 4, 2017); *Beck v. Thomason Law Firm, LLC*, No. 1:16-cv-00570-WJ-KK, 2017 WL 3267751 (D.N.M. July 27, 2017); *James v. JPMorgan Chase Bank, N.A.*, No. 15–2424, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016); *Brown v. Hunt & Henriques*, No. 15-1111, ECF No. 55 (N.D. Cal. Nov. 18, 2016); *Jallo v. Resurgent Capital Servs., L.P.*, No. 14-449, 2016 WL 6610322 (E.D. Tex. Nov. 8, 2016); *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016); *Gonzalez v. Germaine Law Office PLC*, No. 15-1427, 2016 WL 5844605 (D. Ariz. Oct. 3, 2016); *McCurdy v. Prof'l Credit Serv.*, No. 15-1498, 2016 WL 5853721 (D. Or. Oct. 3, 2016); *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-335, 2016 WL 4925165 (M.D. La. Sept. 14, 2016); *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016); *Cross v. Wells Fargo Bank, N.A.*, No. 15-1270, 2016 WL 4432723 (N.D. Ga. Aug. 18, 2016); *Lehmeyer v. Messerli & Kramer, P.A.*, No. 15-2419, ECF No. 61 (D. Minn.

Aug. 10, 2016); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016); *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-152, 2016 WL 4069285 (W.D.N.Y. July 27, 2016); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, 2016 WL 3944685 (E.D. Mo. July 8, 2016); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, ECF No. 44 (D.N.J. June 2, 2016); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, ECF No. 22 (D. Md. Apr. 26, 2016); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-490, ECF No. 20 (E.D. Va. Mar. 24, 2016); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016); *Prater v. Medicredit, Inc.*, No. 14-159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015); *Jones v. I.Q. Data Int'l, Inc.*, No. 14-130, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096 (D. Colo. 2015); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329 (S.D. Fla. Feb. 23, 2015).

9. Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

10. For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a class action settlement in which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

3

11. In *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

12. In *McWilliams v. Advanced Recovery Sys., Inc.*, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law. The undersigned concurs . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

13. Similarly, in *Roundtree*, Judge James D. Whittemore of the Middle District of Florida wrote, in certifying three separate classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

14. As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating [Telephone Consumer Protection Act] class actions." 2016 WL 6908118, at *1.

15. And in *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was

4

appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." No. 15-2460, 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

16. Additional information about GDR is available at www.gdrlawfirm.com.

17. GDR has, and will continue to, vigorously protect the interests of the members of the class.

18. GDR has advanced all costs necessary to successfully prosecute this action and will continue to do so as this case proceeds.

19. I firmly believe that the settlement—which requires HSN, Inc. to pay $700,000 into a non-reversionary common fund for the benefit of 750 class members—is fair, reasonable, and adequate, and in the best interests of class members.

20. Indeed, the settlement will likely result in payments of at least $550 to each class member who does not exclude himself for herself, without requiring class members to take any action or submit a claim form.

21. This result compares extremely favorably to other TCPA class action settlements approved by courts throughout the country.

22. Attached hereto as Exhibit A is a true and correct copy of the parties' Class Action Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ James L. Davidson*
James L. Davidson

Dated: February 6, 2020

5