IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICE JEWELL, JR.,
on behalf of himself and all others similarly situated,

                      Plaintiff,                      OPINION and ORDER

    v.

                                                              19-cv-247-jdp

HSN, INC.,

                      Defendant.

---

Plaintiff Maurice Jewell has filed an unopposed motion for preliminary approval of a proposed settlement in this proposed class action against defendant retailer HSN, Inc. Dkt. 29. He alleges that HSN violated the Telephone Consumer Protection Act (TCPA) and the Wisconsin Consumer Act (WCA) by calling his mobile phone in its debt-collection attempts after he asked HSN to stop doing so. And he says that HSN's records show that it called 749 other people between April 1, 2015, and December 12, 2019, after it had applied a "Never Call" flag to their accounts in its database. The proposed settlement creates a settlement fund of $700,000 for this class of 750 people. Although Jewell has not yet submitted a request for attorney fees, the agreement is not contingent upon the court's approval of Jewell's fee request. *See* Dkt. 30-1, at 10.

The court has reviewed the terms of settlement, Dkt. 30-1, at 2–26, and concludes that they are "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (quoting *Manual for Complex Litigation* § 1.46, at 53–55 (West 1981)). The court has also reviewed the proposed notice to the class, Dkt. 30-1, at 28–33, and finds that it complies with the requirements of Federal Rule of Civil Procedure 23.

So Jewell's motion for preliminary approval, Dkt. 29, is GRANTED. The parties may have until May 9, 2020, to disseminate notice to the class, giving the class members 60 days to file an objection or exclude themselves. The parties may have until July 15, 2020, to file a motion for final approval addressing the factors in Rule 23(e)(2).

The parties' motion for final approval should address why a *pro rata* distribution of the settlement fund is a fair distribution method, as opposed to alternative methods such as basing each class member's award on the number of calls the member received. The motion should also address why the distribution method does not distinguish between members with claims under both the TCPA and the WCA and members with claims under only one statute, as these statutes have different statutes of limitations.

Jewell may have until July 15, 2020 to file a motion for attorney fees; HSN may have until July 29, 2020, to file a response. The court will hold a fairness hearing on August 14, 2020, at 1:30 p.m.

Entered April 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge