IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAURICE JEWELL, JR., on behalf
of himself and others similarly situated,

                Plaintiff,                      FINAL ORDER and JUDGMENT

    v.

                                                    19-cv-247-jdp

HSN, INC.,

                Defendant.

---

On April 1, 2019, Maurice Jewell, Jr. ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against HSN, Inc. ("Defendant") in the United States District Court for the Western District of Wisconsin, Case No. 3:19-cv-00247-jdp, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101, et seq.

Defendant has denied any and all liability alleged in the Lawsuit.

On January 30, 2020, after appropriate arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On February 6, 2020, Plaintiff filed the Settlement Agreement, along with his Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, Defendant served written notice of the proposed class settlement as directed.

On April 10, 2020, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement

(the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Maurice Jewell, Jr. as the Class Representative; (iv) appointed James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices, LLP as Class Counsel; and (v) set the date and time of the Settlement Approval Hearing.

On July 15, 2020, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On August 14, 2020, this Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom HSN, Inc. placed, or caused to be placed, one or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from April 1, 2015 through December 12, 2019, after HSN, Inc.'s records show that a "Never Call" Flag was added to that person's or entity's account.

Defendant identified 749 Class Members.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Maurice Jewell, Jr. as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices, LLP as Class Counsel.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

3

C. Plaintiff's claims are typical of the claims of the Class Members;

D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; and the risk and delay inherent in possible appeals. *See, e.g.*, *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2018 WL 4489277, at *2 (W.D. Wisc. May 17, 2018).

The Settlement Agreement, which is deemed incorporated herein, is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

A. Settlement Fund—Defendant will establish a $700,000 Settlement Fund (the "Settlement Fund").

B. Deductions—The following are to be deducted from the Settlement Fund before any other distributions are made:

    a.    The costs and expenses for the administration of the settlement and class notice;

    b.    Plaintiff's attorneys' fees, in the amount of 35 percent of the Settlement Fund, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $456.50; and

    c.    The Incentive Payment to Plaintiff. Maurice Jewell, Jr. will receive $5,000.00 as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

C.    Settlement Payment to Class Members—Each Class Member who did not timely request exclusion will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void ninety (90) days after issuance. If, after the expiration date of the settlement checks, there remains money in the Settlement Fund sufficient to pay at least five dollars ($5.00) to each Class Member who cashed his or her initial Settlement Award check, such remaining monies will be distributed on a pro rata basis to those Class Members in a second distribution to be made within ninety (90) days after the expiration date of the checks from the first distribution. Money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the second distribution, including money not distributed because there is not enough money in the Settlement Fund to justify a second distribution, will be paid to the Marquette Volunteer Legal Clinics at Marquette University Law School as a cy pres award.

The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. No Class Members made a valid and timely request for exclusion.

This Order is therefore binding on all Class Members.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit, arbitration, or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The lawsuit is hereby dismissed without prejudice. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorney fees, costs, disbursements, and expenses to Class Counsel. Upon completion of the disbursement of the settlement fund, the dismissal will be with prejudice.

Class Counsel's request for an award of attorneys' fees of 35 percent of the Settlement Fund, after deducting class notice and administration costs of $11,599.78, Class Counsel's reasonable litigation costs and expenses, and Plaintiff's incentive award, is approved.[1]

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $456.50 is approved.

Plaintiff's request for an incentive award of $5,000.00 is approved.

First Class, the Court-approved settlement administrator, is authorized to accept and disburse the settlement fund as directed by this Order and the parties' settlement agreement.

IT IS SO ORDERED.

Entered August 18, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

Entered this 19th day of August, 2020.

   s/ A. Wiseman, Deputy Clerk
PETER OPPENEER
Clerk of Court

---

[1] These administration costs include $3,475.95 in anticipated costs for a second distribution of compensation to Class Members. Dkt. 43-3, at 3–4. If a second distribution is not required, these costs shall be added to the cy pres award.